IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **EMPLOYERS MUTUAL CASUALTY CO.,** ] | |
| Plaintiff, ] | |
| ] | **CV-04-BE-1507-S** |
| v. ] | |
| **LDI CONTRACTORS, INC., et al.,** ] | |
| Defendants. ] | |

**MEMORANDUM OPINION**

**I. INTRODUCTION**

Currently pending before this court is the motion to dismiss filed by defendants El Paso Corporation, El Paso Energy Corporation, El Paso Gas Services Company, and Southern Natural Gas Company ("El Paso Defendants") (doc. # 8).  On July 2, 2004, Employers Mutual Casualty Company ("EMC") filed suit in this court seeking a declaratory judgment that (1) the El Paso defendants are not entitled to coverage under general liability insurance policies purchased by LDI[1] on behalf of the El Paso defendants; (2) EMC is not required to indemnify the El Paso defendants in a related personal injury lawsuit filed in state court; (3) the insurance policies are void as a matter of law because of

---

[1]LDI is a landscape maintenance company with its principal place of business in Birmingham, Alabama.

1

LDI's misrepresentation or suppression of material facts related to coverage; and (4) the El Paso defendants are not entitled to coverage as additional insureds.

This case arises from general liability insurance policies issued by EMC to LDI. LDI's procurement of the above-referenced policies was required pursuant to a service contract entered into by LDI and the El Paso defendants. Under the policy purchased by LDI, the El Paso defendants were named as additional insureds.

In their motion to dismiss, the El Paso defendants raise the issue of whether the abstention doctrine announced by the Supreme court in *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942) precludes the exercise of this court's jurisdiction of this declaratory judgment action given the pendency of a civil action styled *El Paso Corporation, et. al., v. LDI Contractors, et. al*, CV-04-0404 ("state court coverage action") filed in the Circuit Court of Jefferson County.

In the state court coverage action, the El Paso defendants ask the state court to declare their right to coverage in a lawsuit[2] filed against them by an LDI employee alleging that El Paso and the other named defendants are jointly and severally liable for on-the-job injuries. In the state court coverage action, the El Paso defendants seek a judicial declaration that EMC is required to indemnify and defend them in the underlying personal injury lawsuit without a reservation of rights and that the general liability

---

[2]*See Randall Key v. El Paso Corp., et. al*., CV 02-4803, currently pending in the Circuit Court of Jefferson County, Alabama.

insurance policies are not void *ab initio*.

According to the El Paso defendants, the declaratory judgment currently pending in this court seeks a determination as to the same coverage questions currently pending in state court. Consequently, the El Paso defendants urge the court to dismiss EMC's declaratory judgment action and allow the coverage issues arising from the general liability insurance policies to proceed through the state court system.

Although recognizing the court's discretionary power to refrain from exercising its jurisdiction under the *Brillhart* doctrine, EMC nevertheless asks the court to utilize its discretion to exercise jurisdiction over the entire case and deny El Paso's motion to dismiss. EMC urges the court to deny the motion to dismiss because the issues raised in this declaratory judgment action are more appropriate for this court and because confusion still exists regarding which specific factors should be considered in the application of the *Brillhart* standard.[3] Citing persuasive authority from other jurisdictions,[4] the plaintiff argues that this court should combine factors utilized in applying the more stringent *Colorado River* Abstention Doctrine[5] with the less stringent, non-exclusive factors

---

[3]*See Id* at p. 9.

[4]*See Northern Ins. Co. of New York v. David Nelson Constr. Co.*, 41 F. Supp. 2d 1332 (M.D. Fla. 1999); *Nobel Ins. Group v. First Nat'l Bank of Brundidge*, 50 F. Supp. 2d 1215, 1217-18 (M.D. Ala. 1999).

[5]Under the *Colorado River* Abstention Doctrine, a federal court may dismiss a case because of a parallel state court litigation only under "exceptional circumstances." *Amer. Bankers Ins. Co. v. First State Ins. Co.*, 891 F.2d 882, 884 (11th Cir. 1990) (citing *Colorado River*, 424 U.S. at 818). Courts are to consider the following factors in determining if abstention in favor of a concurrent state proceeding is appropriately extraordinary: (1) the order in which the courts assumed jurisdiction over property; (2) the

considered under the *Brillhart* standard. Applying the amalgam of factors from both abstention doctrines, the plaintiffs argue that this court should exercise jurisdiction over this matter because its declaratory judgment action filed in this court is not identical to the underlying coverage action filed the El Paso defendants in the Circuit Court of Jefferson County; the record contains no evidence of forum shopping or risk of unfair precedence; and control of this matter does not interfere with the prudent exercise of federal court jurisdiction.

After careful consideration of the arguments raised in the parties' briefs, the court concludes that, under either the factors utilized by the Supreme Court in *Brillhart* or the four additional factors utilized by the Third Circuit and the Middle District of Florida in applying the *Brillhart* doctrine,[6] this case is due to be dismissed. In reaching this conclusion, the court rejects the plaintiff's attempt to engraft the more stringent factors considered in applying the *Colorado River* Abstention Doctrine onto the more lenient *Brillhart* standard that undeniably applies to declaratory judgment actions like the one at issue in this case. Accordingly, the defendants' motion to dismiss is due to be GRANTED

---

relative inconvenience of the fora; (3) the order in which jurisdiction was obtained and the relative progress of the two actions; (4) the desire to avoid piecemeal litigation; (5) whether federal law provides the rule of decision; and (6) whether the state court will adequately protect the rights of all parties. *See Colorado River*, 424 U.S. at 16-26.

[6]The El Paso defendants' motion to dismiss and supporting brief alleges several separate and independent grounds for dismissal. Based upon its determination that the *Brillhart* standard applies in this case, the court pretermits discussion of the other grounds for relief argues by the defendants in their motion to dismiss.

and this case DISMISSED with prejudice.

## II. DISCUSSION

This court's ability to refuse to exercise its jurisdiction over this declaratory judgment action is governed by the standards first announced in *Brillhart*.  In that case, an insurer sought a declaration of non-liability in federal court in anticipation of an impending liability suit against its insured.  316 U.S. at 492.  The district court dismissed the action in favor of a pending state court proceeding in which the insurer was a defendant.  *Brillhart*, 316 U.S. at 493.  Following a reversal by the appellate court, the Supreme Court held that, in actions filed under the Federal Declaratory Judgments Act, a federal district court was not required to exercise such jurisdiction.  *Id.* at 494.  In deciding the issue of whether the federal courts should abstain from exercising their jurisdiction in favor of the ongoing parallel state court proceeding, the Court reasoned that the question at issue in the federal declaratory judgment action is "whether the questions in controversy between the parties in the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court."  *Id.* at 495.

In answering the above-referenced question, the Court reasoned that important considerations include: the scope of the pending state court proceeding and the nature of defenses available in the state court proceeding; whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding; whether necessary parties

have been joined; and whether such parties are amenable to process in that proceeding. *Id.* at 495. However, the Court cautioned that the above-referenced factors are not a comprehensive "enumeration of what in other cases may be revealed as relevant factors governing the exercise of a district court's discretion." *Id.* at 495. Consequently, *Brillhart* did not foreclose the possibility that additional factors might be of significance in determining whether a federal court should decline to exercise its jurisdiction in a declaratory judgment action in favor of a related, parallel state court proceeding.

Fifty years later in *Wilton v. Seven Falls Co.,* 515 U.S. 277 (1995), the Supreme Court reaffirmed the standard established in *Brillhart.* As in *Brillhart*, the circumstances in *Wilton* involved a declaratory judgment action by insurance underwriters that their commercial liability policies provided no coverage. *Wilton*, 515 U.S. at 277. After a verdict had been entered against the insureds, they notified their insurers that they intended to file a state court action on the policies. *Id.* at 277. In anticipation of the state court litigation, the insurer sought a declaratory judgment in federal court that their policies did not cover the liability of the insureds. *Id.*

The *Wilton* court held that "*Brillhart* makes clear that district courts possess discretion in determining whether to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton,* 515 U.S. at 282. The Court then discussed cases arising in the wake of *Brillhart*, such as its 1976 decision in *Colorado River Water Conservation District v. United States*,

that adopted a more stringent "exceptional circumstances test" when deciding questions about abstention.  *Id.* at 283-84.  However, the Court distinguished *Colorado River* because it was not a declaratory judgment action.  *Id.* at 286. The Court looked to the Declaratory Judgment Act for guidance, indicating that in declaratory judgment actions the appropriate abstention standard to be applied is the discretionary standard established in *Brillhart* and specifically rejected the "exceptional circumstances test" applied in *Colorado River.*

However, *Wilton* did not expound upon the factors specifically mentioned in *Brillhart,* identify any additional factors that a reviewing court should consider in applying the *Brillhart* standard, or foreclose the possibility that a district court could consider factors not specifically enumerated in *Brillhart.*  The Eleventh Circuit also has not clearly addressed the extent of the district court's discretion to surrender jurisdiction over declaratory judgment actions or clarified the precise factors to be applied in determining the applicability of the *Brillhart* standard.  *See Gen. Star Indem. Co. v. Puckit*, 818 F. Supp. 1526, 1530 (M.D. Fla. 1993) (noting the lack of Eleventh Circuit authority on the issue).

In an effort to provide trial courts with additional factors in applying the *Brillhart* standard, the Third Circuit considers, in addition to those factors specifically mentioned in *Brillhart,* the following four additional factors: (1) the likelihood that a federal court declaration will resolve the uncertainty of the obligation that gave rise to the controversy;

(2) the convenience of the parties; (3) the public interest in settlement of the uncertainty of the obligation; and (4) the availability and relative convenience of other remedies. *See United States v. Commonwealth of Pennsylvania Dep't of Evtl. Res.*, 923 F.2d 1071, 1075 (3d Cir. 1991). Following the Third Circuit's lead, the Middle District of Florida applied the four additional considerations referenced above in addition to the factors specifically articulated in *Brillhart. Id.*

The court declines to adopt the reasoning of the Third Circuit and the Middle District of Florida because, under either the standards specifically enumerated in *Brillhart* or the four additional factors utilized by the Third Circuit and Middle District of Florida, this case is due to be dismissed. Contrary to the plaintiff's assertions, the declaratory judgment action and the related, parallel state court proceeding need not be identical. Instead, *Brillhart* mandates that the relevant inquiry is "whether the questions in controversy . . . can be *better settled* in the proceeding pending in the state court." *Brillhart*, 316 U.S. at 495. (emphasis added). The declaratory judgment filed in this case and the state court coverage action currently pending in Jefferson County Circuit Court involve many of the same parties and paramount issues of coverage and indemnification under insurance policies issued by EMC and other insurance companies to the El Paso defendants. Although the state court coverage action involves several insurance companies who are not a party to this declaratory judgment action, the similar coverage issues presented in both cases should enable EMC to file the claims asserted in this lawsuit as

affirmative defenses, counterclaims, cross-claims, or as third-party claims. Based on these considerations, the court concludes that the scope of the pending state court proceeding, the nature of the defenses available in state court, and the plaintiff's ability to assert claims raised in this declaratory judgment action in the ongoing state court case, present persuasive evidence that the issues raised in this declaratory judgment action can be more efficiently and comprehensively adjudicated in the pending state court action.

Alternately, using the factors utilized by the Third Circuit and the Middle District of Florida, dismissal in deference to the underlying state court coverage action is further warranted. Given the admittedly broader scope of the underlying state court coverage action,[7] the likelihood that this declaratory judgment will resolve the uncertainty of all obligations seems remote. Furthermore, the more advanced stage of litigation in the earlier filed state court action and the court's desire to avoid piecemeal litigation favors abstention in deference to the earlier filed state court coverage action. Similarly, no public interest that would be addressed if this court retained jurisdiction of this declaratory judgment action would go untreated in the pending state court action.

In short, under either the standards articulated by the Supreme Court in *Brillhart* or the four additional factors utilized by the Third Circuit and the Middle District of Florida in applying the *Brillhart* doctrine, the defendants' motion to dismiss (doc. # 8) is due to be GRANTED and this case due to be DISMISSED with prejudice.

---

[7]*See* doc. # 15, p. 11.

A separate, final order will be entered contemporaneously with this Memorandum Opinion.

DONE and ORDERED this the 14th day of January, 2005.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

11